ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **CONSOLIDATED WASTE SERVICES, LLC**<br><br>Peticionarios<br><br>v.<br><br>**MUNICIPIO AUTÓNOMO DE SAN GERMÁN, et als.**<br><br>Recurridos | KLCE202401059 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Civil Núm.: **MZ2021CV00982**<br><br>Sobre: Incumplimiento de Contrato; Cobro de Dinero; Daños |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de octubre de 2024.

Comparece ante nos Consolidated Waste Services, LLC (en adelante, parte peticionaria o Consolidated Waste Services) mediante el presente recurso de *Certiorari* y nos solicita que revoquemos la *Resolución*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 16 de mayo de 2024 y que emitamos una sentencia ordenando al Municipio Autónomo de San Germán (en adelante, Municipio de San Germán) el pago de la cantidad de quinientos setenta y dos mil trecientos sesenta y un dólares ($572, 361.00).

Por los fundamentos que discutiremos a continuación, denegamos expedir el auto solicitado y devolvemos el caso al TPI para que continúen los procedimientos.

---

[1] Apéndice del Recurso de *Certiorari*, págs. 2755- 2767. Notificada y archivada en autos el mismo día.

Número Identificador
RES2024 _____

# I

El 3 de agosto de 2021 Consolidated Waste Services presentó una *Demanda* sobre sentencia declaratoria, cobro de dinero por concepto de servicios prestados, cobro de gastos de implementación al amparo del contrato, daños a raíz de interferencia torticera de un tercero con las obligaciones contractuales y menoscabo de obligaciones contractuales contra el Municipio de San Germán, el Honorable Virgilio Olivera Olivera (Alcalde de San Germán), el Honorable Adalberto Villa Flores (Presidente de la Legislatura Municipal de San Germán) y Waste Collection Corp. (en conjunto, parte demandada).[2] En apretada síntesis, la parte aquí demandante alegó que a partir de la aprobación de la *Ordenanza Núm. 35- serie 2017-2018,* el 29 de junio de 2018 suscribió el *Contrato Núm. 2019-000045* con el Municipio de San Germán titulado *Contrato de servicios para establecer un programa para el cobro, recogido, manejo y disposición de desperdicios sólidos no peligrosos & material reciclable dentro del término jurisdiccional del municipio autónomo de San Germán, para la imposición de penalidades por incumplimientos y para otros fines.* Que, de conformidad con este contrato, Consolidated Waste Services proveería servicios de recogido, transporte y disposición de aquellos desperdicios sólidos que no fuesen peligrosos del Programa San Germán Verde según aquellos términos detallados en el propio contrato y en cumplimiento de las leyes y reglamentos que fuesen aplicables. Arguyó, además, que el contrato fue enmendado en cuatro ocasiones posteriores con la finalidad de viabilizar una aportación monetaria del Municipio de San Germán al pago de la tarifa fija y ajustar la compensación pagadera a favor de Consolidated Waste Services. La parte

---

[2] Apéndice del Recurso de *Certiorari*, págs. 1-78.

demandante alegó que de conformidad con la Cláusula Sexta inciso B del Contrato se establece que:

> **B: RESCISION DEL CONTRATO**: EI Municipio podrá rescindir el presente Contrato por justa causa y/o por incumplimiento de CONWASTE con sus responsabilidades. Las Partes podrán rescindir el presente Contrato por mutuo acuerdo. Del Municipio optar por la rescisión del presente Contrato por Justa Causa, enviará una comunicación a CONWASTE en la cual invoque la causa del incumplimiento e informando que CONWASTE tendrá un plazo de treinta (30) días, contados a partir de la fecha de recepción de la notificación, para resolver el incumplimiento. EI Municipio podrá conceder un periodo mayor, cuando a su juicio, medien causas justificadas. Del incumplimiento ser repetitivo y/o la justa causa persiste, el Municipio podrá cancelar el contrato previa notificación por escrito 30 días antes de la efectividad de la cancelación.
>
> Del Municipio optar por la rescisión unilateral del presente Contrato, sin que medie Justa Causa, el Municipio se obliga a Reembolsar a Conwaste todos los gastos hasta ese momento incurridos para la implementación del Programa Activo de Material Reciclable, los cuales estarán acompañados de las correspondientes facturas por servicios prestados y/o equipos y material adquiridos. Del Municipio tener justa causa para la cancelación, Conwaste no recibirá pago de gasto alguno y será responsable al Municipio de los daños y problemas que esto ocasione."

Arguyó que el 28 de junio de 2021 el Municipio de San Germán, a través del Honorable Virgilio Olivera Olivera, cursó una misiva informándole a la parte demandante que quedaría cancelada la relación contractual, efectivo el 1 de julio de 2021. Así las cosas, Consolidated Waste Services alegó que la comunicación cursada por el Municipio de San Germán no adujo justa causa que justificara la terminación del contrato, además, expresó que el Municipio de San Germán incumplió con el pago al amparo del contrato, por lo cual adeudaba la cantidad de un millón trecientos cuarenta y nueve mil quinientos veinticinco dólares con cuarenta y seis centavos ($1,349,525.46), por concepto de servicios prestados y un total de quinientos setenta y dos mil trecientos sesenta y un dólares ($572,361.00), correspondientes al reembolso de concepto de pagos de la aportación municipal.

En respuesta, el 20 de octubre de 2021 el Municipio de San Germán y el Honorable Virgilio Olivera Olivera presentaron su *Contestación* a *Demanda*.[3] En esencia, aceptaron y negaron algunos hechos alegados por la parte demandante y levantaron sus defensas afirmativas. De igual forma, alegaron que no procedía la demanda presentada pues conforme establece la Cláusula seis, inciso B, si el Municipio de San Germán cancelaba el contrato de manera unilateral sin justa causa, se obligaba a reembolsar a Consolidated Waste Services todos los gastos incurridos por el Programa Activo de Material Reciclable, pero debía estar acompañado de las facturas de servicios prestados y/o equipos y material adquiridos. Los demandados arguyeron que debido a que Consolidated Waste Services no había presentado ningún recibo para ser evaluado por el Municipio de San Germán, la parte demandante estaba en incumplimiento de contrato sin tener una justa causa que justificara un remedio.

Tras varios trámites procesales, la parte demandante presentó una *Solicitud de Sentencia Sumaria* el 8 de septiembre de 2023.[4] En síntesis, la parte demandante arguyó que procedía dictar sentencia de manera sumaria pues la deuda era una vencida, líquida y exigible.

En oposición, el Municipio de San Germán y el Honorable Virgilio Olivera Olivera presentaron su *Réplica a Solicitud de Sentencia Sumaria* el 10 de octubre de 2023.[5] En esencia, alegaron que procedía dictar sentencia sumaria a favor del Municipio de San Germán y el Honorable Virgilio Olivera Olivera pues la parte demandante había incumplido en presentar las facturas de sus

---

[3] Apéndice del Recurso de *Certiorari*, págs. 86-107.
[4] Apéndice del Recurso de *Certiorari*, págs. 153-224.
[5] Apéndice del Recurso de *Certiorari*, págs. 225-249.

suplidores, sobre los gatos incurridos, en la implementación del Programa Activo de Material Reciclable.

El 23 de octubre de 2023, notificado al día siguiente, el foro primario emitió una *Resolución* declarando No Ha Lugar los escritos presentados por las partes.[6] El Tribunal de Primera Instancia razonó que no procedía dictar sentencia por la vía sumaria toda vez que existían controversias materiales respecto a si Consolidated Waste Services cumplió con la presentación de las facturas relacionadas al reembolso de gastos del Programa Activo de Material Reciclable y en cuanto al pago de unos servicios incluidos en una *Certificación de Servicios,* provista por la propia parte demandante.

Así las cosas, el 9 de enero de 2024 el Municipio de San Germán y el Honorable Virgilio Olivera Olivera presentaron una *Moción en Solicitud de Sentencia Sumaria en Favor de la Parte Demandada.*[7] En dicho escrito, la parte demandada reiteró su posición en cuanto a que procede que se desestime la causa de acción presentada por la parte demandante por no haber cumplido con la presentación de las facturas por servicios prestados, equipos y materiales adquiridos por el Municipio de San Germán, previos a la radicación de la demanda.

En respuesta, la parte demandante presentó su *Oposición a Moción en Solicitud de Sentencia Sumaria a favor de la parte demandada y Solicitud de Sentencia Sumaria a favor de Consolidated Waste Services*, el 20 de febrero de 2024.[8] En esencia, la parte demandante se opuso a la moción presentada por el Municipio de San Germán y el Honorable Virgilio Olivera Olivera por entender que su escrito no cumple con las reglas procesales de

---

[6] Apéndice del Recurso de *Certiorari*, págs. 254-264.
[7] Apéndice del Recurso de *Certiorari*, págs. 265- 286.
[8] Apéndice del Recurso de *Certiorari*, págs. 287- 2683.

Sentencias Sumarias acorde a las Reglas de Procedimiento Civil y reiteró su posición de que se dicte sentencia sumaria a su favor.

Tras varios trámites procesales, el Tribunal de Primera Instancia emitió una *Resolución* en la cual declaró No Ha Lugar los escritos presentados por las partes el 16 de mayo de 2024.[9] El foro *a quo* concluyó que los siguientes asuntos se encontraban en controversia, por lo que impedía emitir una sentencia de manera sumaria:

**1.** Si las facturas reclamadas por Conwaste reflejan servicios prestados al Municipio durante la vigencia del contrato suscrito entre las partes.

**2.** Si la cuantía reclamada por ConWaste excede el presupuesto establecido en el contrato y de ser así, si procede el pago de estas facturas.

**3.** Si ConWaste notificaba regularmente al Municipio las facturas por los servicios prestados en el curso ordinario de la relación contractual entre ConWaste y el Municipio.

**4.** Si la cuantía expresada en la certificación de deuda realizada por el señor Santos Conde Navarro, vicepresidente de Finanzas de ConWaste, corresponde a las facturas de los servicios prestados.

**5.** Si el Municipio ha pagado total o parcialmente las cuantías reclamadas por ConWaste.

En respuesta, la parte demandante presentó el 31 de mayo de 2024 una *Solicitud de Reconsideración de Resolución.*[10] Por su lado, el Municipio de San Germán y su Honorable Virgilio Olivera Olivera presentaron su *Oposición a Solicitud de Reconsideración de Resolución,* el 16 de julio de 2024.[11] El 27 de agosto de 2024, notificado el 30 del mismo mes, el foro sentenciador emitió una *Resolución* declarando No Ha Lugar la reconsideración presentada.[12]

---

[9] Apéndice del Recurso de *Certiorari*, págs. 2755- 2767. Notificada y archivada en autos el mismo día.
[10] Apéndice del Recurso de *Certiorari*, págs. 2768- 2798.
[11] Apéndice del Recurso de *Certiorari*, págs. 2807-2824.
[12] Apéndice del Recurso de *Certiorari*, págs. 2825-2826. Notificada y archivada en autos el 30 del mismo mes.

Inconforme, el 30 de septiembre de 2024 la parte peticionaria acude ante nos mediante la presente petición de *Certiorari* y nos plantea la comisión de los siguientes señalamientos de error:

> **EL TRIBUNAL DE PRIMERA INSTANCIA ABUSÓ DE SU DISCRECIÓN AL NO DICTAR UNA SENTENCIA SUMARIA PARCIAL DONDE OBLIGARA AL MUNICIPIO DE SAN GERM[Á]N A PAGAR A CONWASTE LA DEUDA DE $572,361.00, CUANDO NO EXISTE CONTROVERSIA SOBRE LA MISMA PORQUE ESTÁ BASADA EN PRUEBA ADMISIBLE EN EVIDENCIA Y FUE ADMITIDA, RECONOCIDA Y ACEPTADA POR EL MUNICIPIO.**

> **EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL NO ENCONTRAR COMO INCONTROVERTIDOS LOS HECHOS PROPUESTOS POR LA COMPAÑÍA CUANDO ESTOS ESTUVIERON BASADOS EN PRUEBA ADMISIBLE Y, SON ESENCIALES Y PERTINENTES A LAS CAUSAS DE ACCIÓN DE COBRO DE DINERO E INCUMPLIMIENTO DE CONTRATO.**

> **EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL NO ENCONTRAR COMO INCONTROVERTIDOS LOS HECHOS PROPUESTOS POR LA COMPAÑÍA CUANDO EL MUNICIPIO NO ATENDIÓ Y MUCHO MENOS REBATIÓ TALES HECHOS, INCLUYENDO LAS FACTURAS POR COMPRA DE CONTENEDORES Y SUBSIDIO MUNICIPAL QUE SUMAN $572,361.00.**

> **EL TRIBUNAL DE PRIMERA INSTANCIA ABUSÓ DE SU DISCRECIÓN AL IGNORAR LA ADMISIÓN DEL MUNICIPIO EN CUANTO AL RECONOCIMIENTO DE LA DEUDA DE $572,361.00.**

> **EL TRIBUNAL DE PRIMERA INSTANCIA ABUSÓ DE SU DISCRECIÓN AL OTORGARLE GRAN PESO PROBATORIO AL HECHO DE QUE LA CUANTÍA RECLAMADA POR CONWASTE SUPUESTAMENTE EXCEDE EL PRESUPUESTO ESTABLECIDO EN EL CONTRATO.**

Por su parte, el 15 de octubre de 2024 la parte recurrida presentó su *Escrito en oposición a que se expida auto de certiorari.*

Contando con la comparecencia de ambas partes, procedemos a discutir.

## II

### A

El auto de *certiorari* es aquel vehículo procesal extraordinario, de carácter discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera*

*et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); Véase, además a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Para este recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de *certiorari* sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de *certiorari*, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de *certiorari*, no tiene que fundamentar su determinación. *Íd.*, R. 52.1

**B**

La Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite que cualquier parte solicite una moción de sentencia sumaria. "La sentencia sumaria constituye un mecanismo procesal mediante el que se le confiere discreción al tribunal para dictar sentencia sobre la totalidad de una reclamación, o sobre cualquier controversia comprendida en esta, sin la necesidad de celebrar una vista evidenciaria". J. A. Echevarría Vargas, *procedimiento civil puertorriqueño*, 1ra ed. rev., San Juan, 2012, pág. 218. "El principio rector de una sentencia sumaria debe ser el sabio discernimiento pues de ser mal utilizada se podría estar despojando a un litigante de su día en corte". *Íd.*

Para que proceda la sentencia sumaria, no pueden existir controversias en cuanto a los hechos reales y sustanciales, por lo que lo único que debe hacer un tribunal es aplicar el derecho. En ocasión, las controversias de hechos se confunden con controversias de derecho. Es el deber de los tribunales diferenciar entre ambas. *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 226 (2015). El Tribunal Supremo ha aclarado que "las determinaciones de hecho

establecen qué fue lo que pasó, mientras que en las conclusiones de derecho se determina el significado jurídico de esos hechos conforme a determinada norma legal". *Íd.* El hecho de que exista un hecho en controversia no significa que una sentencia sumaria es improcedente. "Esos hechos, a su vez, deben ser interpretados por el juez para determinar si son esenciales y pertinentes […]". *Íd.*, pág. 227. Un hecho real y sustancial es aquel "que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015).

Cualquier duda sobre la existencia de controversia sobre hechos reales y sustanciales debe resolverse en contra de la parte promovente. *Vera v. Dr. Bravo,* 161 DPR 308, 332-333 (2004). De existir controversia sobre hechos reales y sustanciales, "no podría dictarse [sentencia] y habría que celebrar un juicio para resolver la controversia en torno a los hechos". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 6ta ed. rev., San Juan, LexisNexis de Puerto Rico, 2017, pág. 316.

Al revisar sentencias sumarias, los tribunales apelativos deben utilizar los mismos criterios que los tribunales de instancia. *Vera v. Dr. Bravo,* supra, pág. 334. Sin embargo, los foros apelativos están limitados de dos maneras:

> [P]rimero, sólo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación exhibit, deposiciones o affidávit que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. Segundo, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. *Íd.*, pág. 335.
>  (Énfasis nuestro).

En consecuencia, cuando el foro apelativo determina que existen controversias de hechos reales y sustanciales, lo que procede es la devolución del caso al tribunal de instancia para que se celebre un juicio para adjudicar esos hechos en controversia.

### III

Luego de revisar *de novo* las mociones de sentencia sumaria presentadas por la parte peticionaria y la parte recurrida, y los documentos que la acompañaron, llegamos a la misma conclusión que el foro primario en que no procede emitir una sentencia sumaria para disponer de este caso. Entendemos que al existir controversias de hechos materiales sobre asuntos que envuelven el erario público que impiden su resolución por la vía sumaria, no se justifica nuestra intervención en esta etapa del procedimiento. A tenor de ello, procedemos a denegar la expedición del recurso de *certiorari* para que continúen los procedimientos ante el TPI.

### IV

Por las razones discutidas, denegamos expedir el *Recurso* solicitado. Devolvemos el caso al TPI para que continúen los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La jueza Aldebol Mora disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones